UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:13-cr- 80

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>DARIUS DONNELL FREEMAN, )<br>)<br>Defendant. )<br>_____) | AMENDED ORDER |

**THIS MATTER** is before the Court upon Defendant Darius Donnell Freeman's ("Freeman") Motion to Sever Trial or Redact Inculpatory Statements Made by Co-Defendants, filed on April 18, 2014. (Doc. 26.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2013, Freeman was arraigned and charged by Bill of Indictment with one count of Armed Bank Robbery under 18 U.S.C. §§ 2113(a) and (d); two counts of Possession of a Firearm During a Crime of Violence under 18 U.S.C. § 924(c); and one count of Carjacking under 18 U.S.C. § 2119. (Doc. 1.) The Indictment also charged Wincy Joseph (a/k/a Joseph Wincy) ("Joseph"), as a co-defendant, with one count of Armed Bank Robbery and one count of Possession of a Firearm During a Crime of Violence. (*Id.*)

On April 14, 2014, the Government produced to Freeman the statement of Jeremy Levine ("Levine"). Levine claimed that several days after commission of the crimes alleged, Joseph made a detailed statement to Levine that inculpated Freeman in the alleged bank robbery and carjacking. (Doc. 26 at 1.)

Assuming that evidence of Levine's statements will be introduced at trial against Joseph, Freeman has moved for a separate trial based on the Supreme Court's holding in *Bruton v.*

*United States*, 391 U.S. 123 (1968). Alternatively, Freeman asks that the Government be precluded from entering into evidence any and all statements made by Joseph that would potentially implicate Freeman.[1] (Doc. 26 at 2.) Freeman's motion does include an alternative motion to "Redact Inculpatory Statements Made by Co-Defendants," but Levine's statement is not provided to the Court and Freeman offers no proposed redactions.

## II.  ANALYSIS

The decision to grant or deny severance is within the sound discretion of the trial court. *Zafiro v. United* States, 506 U.S. 534, 538 (1993); *United States v.* West, 877 F.2d 281, 287-88 (4th Cir.), *cert.* denied, 493 U.S. 959 (1989). In the federal system there is a preference for joint trials of defendants who are indicted together. *Zafiro*, 506 U.S. at 537. This is because joint trials are efficient and avoid the possibility of inconsistent verdicts. *Id.*; *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992)("defendants indicted together should be tried together for the sake of judicial economy.")

In *Bruton,* the Supreme Court held that a defendant is prejudiced when a facially incriminating statement of a nontestifying codefendant is introduced at a joint trial, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton*, 391 U.S. at 126. One solution to avoid such prejudice is to sever the trials of the two defendants. Alternatively, such prejudice can be cured "if a nontestifying codefendant's statement is redacted to eliminate any reference to the defendant," *Richardson v. Marsh,* 481 U.S. 200, 211 (1987), or if "the defendant's name is replaced by a symbol or neutral pronoun," *United States v. Vogt,* 910 F.2d 1184, 1191–92 (4th Cir.1990.) Further, "[i]f a proffered statement of one nontestifying

---

[1] Freeman's Motion is based on the assumption that Joseph does not take the stand and testify in his own defense. If Joseph were to testify, this issue would be moot because Freeman would be given the opportunity to cross examine Joseph as required by the Confrontation Clause.

codefendant becomes incriminating against another by virtue of an inference from other evidence at trial, the Confrontation Clause may not be offended if those statements are redacted and a proper limiting jury instruction is given. *United States v. Halteh*, 224 F. App'x 210, 217-18 (4th Cir. 2007)(citing *Richardson,* 481 U.S. at 208–09; *see also United States v. Locklear,* 24 F.3d 641, 646 (4th Cir.1994)).

Here, separating the trials of Freeman and Joseph is not appropriate. Assuming Joseph does not testify, the parties are encouraged to consider a modified redacted version of Levine's statement that adequately protects Freeman's rights under the Confrontation Clause. *See Gray v. Maryland*, 523 U.S. 185, 196 (1998)(the Supreme Court offered "a few other guys" as an appropriate neutral modification of an otherwise incriminating statement identifying the defendant.); *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir, 1999)(the Fourth Circuit held that the neutral phrases "another person" and "another individual" were acceptable neutral modifications in a statement that was read to the jury.")

Furthermore, if necessary and requested by the parties in their proposed jury instructions, any remaining risk of prejudice by inference can be cured by a proper limiting jury instruction advising the jurors to apply evidence separately as to each defendant. *Richardson,* 481 U.S. at 208–09.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Freeman's "Motion to Sever" (Doc. 26) is **DENIED.**

Signed: May 2, 2014

Richard L. Voorhees
United States District Judge