IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:13-CR-00080-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DARIUS DONNELL FREEMAN, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Darius Donnell Freeman's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 and for appointment of counsel. (Doc. No. 126). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at Canaan USP[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant is a 40-year-old male serving his prison sentence at Canaan USP in Pennsylvania. He is serving a sentence of a total of 447 months of imprisonment. (Doc. No. 80). According to the Bureau of Prisons website, his scheduled release date is September 23, 2045. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from

---

[1] According to the Bureau of Prison's (BOP) website, USP Canaan currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been no inmate deaths and no staff deaths, while 371 inmates have recovered, and 164 staff have recovered. Additionally, at Canaan USP, 214 staff have been fully inoculated and 1,264 inmates have been fully inoculated.

1

hypertension, asthma, and sleep apnea, all which he claims place him at a greater risk of still contracting the COVID-19 virus. (Doc. No. 126 at 1). According to his Presentence Investigation Report that was filed on April 13, 2015, Defendant was diagnosed with a hernia and has hypertension and was receiving medication at Mecklenburg County Jail but while at Caldwell County Jail he was non-compliant with treatment for his hypertension. (Doc. No. 76, ¶¶ 85-87). Defendant fails to provide his BOP medical records to substantiate his medical claims and therefore, there is no extraordinary and compelling reason for a sentence reduction.

Defendant also asks the Court to grant him compassionate release because he is serving one stacked 25-year sentence for a § 924(c) conviction arising out of the carjacking that is higher than the sentence he would receive today.[2] In *McCoy*, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." *See United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Accordingly, this Court must make an individualized determination as to whether the Defendant has identified an extraordinary and compelling reason for compassionate release. The Court may consider the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. *See id.*

While under *McCoy* the Court has the discretion to grant Defendant compassionate release, the Court will decline to exercise it because Defendant's criminal history and conduct during

---

[2] If section 403 of the First Step Act was in effect when Defendant was sentenced, he would have received a sentence of no more than 7 years in prison for each of his section 924(c) sentences. *See* 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Doc. No. 128).

2

incarceration strongly counsel against granting the motion. First, the Defendant has a significantly underrepresented criminal history. Prior to the Defendant committing these bank-robbery and carjacking offenses, he was convicted of two robbery offenses, including one involving the use of a dangerous weapon. (*See* Doc. No. 76). He also assaulted a government official with a deadly weapon. *Id*. Some of these violent acts did not receive any criminal history points when calculating his initial sentence. *Id*. Further, Defendant's bank-robbery and carjacking offenses involved brandishing a firearm and threatening his victims. This violent criminal history strongly counsels against granting the Defendant compassionate release. Second, Defendant's conduct while incarcerated has been unsatisfactory. He has committed nine disciplinary infractions, including six which involve possession of a dangerous weapon or violence. (*See* Doc. No. 128-1). In fact, as recently as February 2022, Defendant was disciplined for possessing a dangerous weapon. *Id*. In sum, the Court finds that there is not an extraordinary and compelling reason for his compassionate release because of his lengthy and violent criminal history and his conduct during incarceration.

Further, Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus.

Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 126), is **DENIED**.

**SO ORDERED.**

Signed: May 25, 2022

Kenneth D. Bell
United States District Judge