IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:13-CR-00080-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DARIUS DONNELL FREEMAN, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Darius Donnell Freeman's *pro se* motion for reconsideration of compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 130). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at Canaan USP[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion for reconsideration.

Defendant is a 41-year-old male serving his prison sentence at Canaan USP in Pennsylvania. He is serving a sentence of a total of 447 months of imprisonment. (Doc. No. 80). According to the Bureau of Prisons (BOP) website, his scheduled release date is September 23, 2045. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from

---

[1] According to the Bureau of Prison's (BOP) website, Canaan USP currently has zero inmates and two staff with confirmed active cases of COVID-19. There have been no inmate deaths and no staff deaths, while 360 inmates have recovered, and 170 staff have recovered. Additionally, at Canaan USP, 214 staff have been fully inoculated and 1,271 inmates have been fully inoculated.

hypertension, asthma, and sleep apnea, all which he claims place him at a greater risk of still contracting the COVID-19 virus. (Doc. No. 126 at 1). According to his Presentence Investigation Report that was filed on April 13, 2015, Defendant was diagnosed with a hernia and has hypertension and was receiving medication at Mecklenburg County Jail but while at Caldwell County Jail he was non-compliant with treatment for his hypertension. (Doc. No. 76, ¶¶ 85-87). Defendant fails to provide his BOP medical records to substantiate his medical claims and therefore, there is no extraordinary and compelling reason for a sentence reduction.

Defendant also asks the Court to grant him compassionate release because he is serving one stacked 25-year sentence for a § 924(c) conviction arising out of the carjacking that is higher than the sentence he would receive today.[2] In *McCoy*, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." *See United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Accordingly, this Court must make an individualized determination as to whether the Defendant has identified an extraordinary and compelling reason for compassionate release. The Court may consider the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. *See id.*

While under *McCoy* the Court has the discretion to grant Defendant compassionate release, the Court will decline to exercise it because Defendant's criminal history and conduct during

---

[2] If section 403 of the First Step Act was in effect when Defendant was sentenced, he would have received a sentence of no more than 7 years in prison for each of his section 924(c) sentences. *See* 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Doc. No. 128).

incarceration strongly counsel against granting the motion. First, the Defendant has a significantly underrepresented criminal history. Prior to the Defendant committing these bank-robbery and carjacking offenses, he was convicted of two robbery offenses, including one involving the use of a dangerous weapon. (*See* Doc. No. 76). He also assaulted a government official with a deadly weapon. *Id*. Some of these violent acts did not receive any criminal history points when calculating his initial sentence. *Id*. Further, Defendant's bank-robbery and carjacking offenses involved brandishing a firearm and threatening his victims. This violent criminal history strongly counsels against granting the Defendant compassionate release. Second, Defendant's conduct while incarcerated has been unsatisfactory. He has committed nine disciplinary infractions, including six which involve possession of a dangerous weapon or violence. (*See* Doc. No. 128-1). In fact, as recently as February 2022, Defendant was disciplined for possessing a dangerous weapon. *Id*. Defendant argues at length that the Court should disregard his infraction regarding engaging in sexual acts as he claims he did not commit the infraction and that the discipline hearing officer (DHO) report is incorrect. (Doc. No. 30, at 8-11, Exhibit 1). After reviewing the DHO report, the Court finds the DHO credible and the Defendant not credible. Furthermore, to the extent Defendant wants to challenge the DHO report, he should follow the administrative provisions of appeal of the BOP and not bring it before this Court. In sum, the Court finds that there is not an extraordinary and compelling reason for his compassionate release because of his lengthy and violent criminal history and his conduct during incarceration as enumerated above.

Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler,* No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's

contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom,* No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo,* No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann,* No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent the Defendant wishes to raise a claim that prison officials' deliberate indifference to the sanitary conditions of his cell and other housing conditions has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[3]

---

[3] Defendant is confined at USP Canaan, which is located in the Middle District of Pennsylvania.

For these reasons, Defendant's *pro se* motion for reconsideration of compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 130), is **DENIED**.

**SO ORDERED.**

Signed: July 12, 2022

Kenneth D. Bell
United States District Judge