# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:13-cr-80-KDB-SCR-1 |
| Darius Donnell Freeman | ) |
| | ) USM No: 29055-058 |
| Date of Original Judgment: 06/04/2015 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 06/04/2015 shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 27, 2024

Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date: _____          Kenneth D. Bell
*(if different from order date)*          *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Darius Donnell Freeman
CASE NUMBER: 5:13-cr-80-KDB-SCR-1
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____    Amended Total Offense Level: _____
Criminal History Category: _____    Criminal History Category: _____
Previous Guideline Range: _____ to _____ months    Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category as Defendant did not have any "status points" as his offense was not committed while he was under a criminal sentence and he was not a zero-point offender as Defendant had 4 criminal history points. (Doc. No. 76, ¶¶ 58-59). There is no need for an appointment of counsel in this matter.

The Court further construes Defendant's motion to seek a reduction of his sentence Pursuant to §1B1.13(b)(6) due to a stacked 25-year sentence for a § 924(c) conviction arising out of a carjacking. This issue was fully addressed by the Court in its May 2022 order. (Doc. No. 129). Furthermore, Defendant continues to commit disciplinary infractions while incarcerated by refusing work/program assignment on 5/16/2022 and possessing a dangerous weapon and assaulting without serious injury on 2/22/2022. The Court has considered the length of Defendant's sentence as listed in §1B1.13(b)(6) and continues to exercise its discretion to deny compassionate release.